IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| EDWARD R. HUGHES | ) | |
| | ) | |
| vs. | ) | C.A. No. 01-451T |
| | ) | |
| UNITED STATES OF AMERICA | ) | |

**GOVERNMENT'S OBJECTION TO PETITIONER'S MOTION FOR RECONSIDERATION OF MEMORANDUM AND ORDER DENYING 28 U.S.C. § 2255 MOTION, OR GRANTING COA**

Comes now the United States of America, by and through its Attorneys, Robert Clark Corrente, United States Attorney, and Kenneth P. Madden, First Assistant U. S. Attorney, and objects to the Petitioner's Motion For Reconsideration Of Memorandum And Order Denying 28 U.S.C. § 2255 Motion, Or Granting COA for the reasons stated in the accompanying memorandum.

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

Kenneth P. Madden

Kenneth P. Madden
First Assistant U.S. Attorney

CERTIFICATE OF SERVICE

I hereby certify that on the 31st day of May 2005, I served a copy of the within Government's Objection To Petitioner's Motion For Reconsideration Of Memorandum And Order Denying 28 U.S.C. § 2255 Motion, Or Granting COA, by postage prepaid mail to:

Edward R. Hughes
Reg. No. 04570-070 D-U
FCI Victorville
P.O. Box 5300
Adelanto, CA 92301

Joan A. Mand

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| EDWARD R. HUGHES | ) | |
| | ) | |
| vs. | ) | C.A. No. 01-451T |
| | ) | |
| UNITED STATES OF AMERICA | ) | |

**GOVERNMENT'S RESPONSE TO PETITIONER'S MOTION FOR RECONSIDERATION OF MEMORANDUM AND ORDER DENYING 28 U.S.C. § 2255 MOTION, OR GRANTING COA**

I. INTRODUCTION

Nearly two and one-half years after the denial of his § 2255 motion, the Petitioner, Edward R. Hughes, files this motion for reconsideration of that denial and of the Court's refusal to issue a certificate of appealability. He argues that the District Court exceeded the statutory maximum sentence as prescribed by Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348 (2000), when the District Court calculated petitioner's sentence under USSG § 2A1.1, the guideline for first degree murder. Clearly aware that neither United States v. Booker, 125 S.Ct. 738 (2005) nor Apprendi have been held retroactive to final convictions, Hughes, without support in either case law or logic, argues that the holding of Apprendi should be applied to him at this time because his case was not final when Apprendi was decided on June 26, 2000.

II. TRAVEL AND FACTS

On September 11, 1996, a federal grand jury in the District of Rhode Island returned a one-count indictment charging that on February 8, 1994, Edward R. Hughes attempted to extort one million pesos (about $325,000) from his Rhode Island-based employer, Automation Software, Inc., in violation of the Hobbs Act, 18 U.S.C. §§ 1951 and 2. A jury convicted Hughes on September 24, 1998 following a ten-day trial. A motion for a new trial was denied on January 22, 1999. On February 8, 1999, Chief Judge Ernest C. Torres sentenced Hughes to 20 years imprisonment, three years supervised release, and restitution.

Hughes appealed. The First Circuit Court of Appeals affirmed his conviction on May 8, 2000. United States v. Hughes, 211 F.3d 676 (1st Cir. 2000). The mandate issued on June 22, 2000. Apprendi was decided four days later. No petition for certiorari was filed.

On September 20, 2001, Hughes filed a motion pursuant to 28 USC § 2255. The motion was denied on January 23, 2003. A request for a certificate of appealability was denied by this Court on June 6, 2003. Hughes again appealed to the First Circuit Court of Appeals. The Circuit denied the request for a certificate of appealability on October 23, 2003. The mandate issued on December 15, 2003.

The facts proved at trial were adequately stated in the government's response to petitioner's § 2255 motion. There is no need to repeat them here.

III. ARGUMENT

**The instant motion should be considered a successive § 2255 motion**

When determining whether a motion has been properly named, the courts look to the subject matter of the application, not the label placed upon it by the movant/petitioner. Chambers v. United States, 106 F.3d 472, 475 (2nd Cir . 1997); Tyler v. United States, 929 F.2d 451, 453 (9th Cir. 1991); Solsona v. Warden, 821 F.2d 1129, 1132 (5th Cir. 1987).

Hughes attempts to circumvent the gatekeeping requirements of § 2255 by terming his motion as one made for reconsideration of the denial of his 2001 § 2255 motion. The post-Booker timing of this motion, however, clearly demonstrates that this motion is actually Hughes' second or successive petition.

As noted above, nearly two and one-half years have passed from the time when this Court denied Hughes' § 2255 motion. Hughes cites no law or case which would permit this Court to entertain a motion for reconsideration at this late date. In fact, the law is decidedly against Hughes. Rule 59 of the Federal Rules of Civil Procedure requires that a motion to amend or alter a judgement be filed no later than ten days after entry of the judgment.[1] Further, once Hughes appealed the denial of his request for a certificate of appealability to the Court of Appeals, this Court lost jurisdiction over

---

[1] Motions made pursuant to Rule 60(b) of the Federal Rules of Civil Procedure which motions attack the constitutionality of the underlying conviction are likewise treated as successive petitions. See, Munoz v. United States, 331 F.3d 151, 152 (1st Cir. 2003).

the matter. The Court of Appeals did not remand the case to this Court for further proceedings. In plain language, Hughes had lost, and his 2001 § 2255 motion was dead. Under the circumstances here, the Court must deem this a second or successive petition.

**The successive § 2255 petition should be denied**

Assuming that this Court construes this motion as a § 2255 petition, it should deny the petition.

**1. The petition is time-barred**

The First Circuit issued the mandate in Hughes' case on June 22, 2000. No writ of certiorari was sought. Absent other circumstances not applicable here, a § 2255 petition must be brought within one year of "the date on which the judgment of conviction becomes final" or "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."

Neither exception applies here. In a light most favorable to Hughes, the conviction was final on September 20, 2000. The one-year period of limitations expired on September 20, 2001.

More fundamentally, the Apprendi and Booker rules cannot be invoked until such time as the Supreme Court holds that they are retroactively applicable. Munoz v. United States, 331 F.3d at 153.

The rule set forth in the plurality opinion of Teague v. Lane, 489 U.S. 288 (1989), governs here. Justice O'Connor endorsed Justice Harlan's principles "that new rules

should always be applied retroactively to cases on direct review, but that generally they should not be applied retroactively to criminal cases on collateral review." Id. at 303. The latter principle is subject to only two narrow exceptions, neither one of which applies here.

In Schriro v. Summerlin, 124 S.Ct. 2519, 2522-23 (2004), the Court held that Ring v. Arizona, 536 U.S. 584, 122 S. Ct. 2428 (2002), announced a new procedural rule which did not apply retroactively on collateral review. Ring applied Apprendi to hold that aggravating factors that made a defendant eligible for the death penalty under Arizona law must be found by a jury, not by the judge at sentencing. The Court concluded in Summerlin that Ring was properly classified as procedural, rather than substantive, because it did not alter the range of conduct punishable by death in Arizona; instead, it simply changed the procedure for determining whether the defendant engaged in that conduct. Schriro v. Summerlin, 124 S. Ct. at 2523-2524.

Even before the Supreme Court's decision in Summerlin, the courts of appeals had uniformly held that the rule announced in Apprendi is a procedural rule for purposes of Teague retroactivity analysis. See, e.g., United States v. Swinton, 333 F.3d 481, 488-489 (3d Cir. 2003); Sepulveda v. United States, 330 F.3d 55, 62 (1st Cir. 2003); Coleman v. United States, 329 F.3d 77, 83-84 (2d Cir. 2003); Goode v. United States, 305 F.3d 378 (6th Cir. 2002); United States v. Brown, 305 F.3d 304, 309 (5th Cir. 2002); Curtis v. United States, 294 F.3d 841, 843 (7th Cir. 2002); United States v. Mora, 293 F.3d 1213, 1218-1219 (10th Cir. 2002); United States v. Sanchez-Cervantes, 282 F.3d 664, 668 (9th Cir.

2002); McCoy v. United States, 266 F.3d 1245, 1256 (11th Cir. 2001); United States v. Moss, 252 F.3d 993, 997-998 (8th Cir. 2001); United States v. Sanders, 247 F.3d 139, 147 (4th Cir. 2001).

As the Booker decision is based upon the decision issued in Apprendi, the Booker reasoning should not be applied to matters on collateral review.

**2. The petition is barred as a successive petition.**

Section 2255 states, in part:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain - (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Local Rule 22.2 of the First Circuit Court of Appeals mandates that a second or successive § 2255 petition filed in the District Court without authorization of the Court of Appeals will be transferred to the Court of Appeals or be dismissed by the District Court. See also, United States v. Barrett, 178 F.3d 34, 41 (1st Cir. 1999), cert. denied, 528 U.S. 1176 (2000). The decision whether to transfer or dismiss appears to be discretionary. Barrett, 178 F.3d at 41 n.1.

Because it is obvious that Hughes fails to meet both of the gatekeeping criteria, this Court, in the exercise of its discretion, should dismiss the petition.

## IV. CONCLUSION

For all of the reasons set forth above, this petition should be denied and dismissed.

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

Kenneth P. Madden
First Assistant U.S. Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on the 31st day of May 2005, I served a copy of the within Government's Response To Defendant's Motion For Reconsideration Of Memorandum And Order Denying 28 U.S.C. § 2255 Motion, Or Granting COA, by postage prepaid mail to:

Edward R. Hughes
Reg. # 04570-070 D-U
FCI Victorville
P.O. Box 5300
Adelanto, CA 92301