Edward Hughes 04570-070 D-3/4
FCI Victorville
P.O. Box 5300
Adelanto, CA 92301
in pro se

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| EDWARD R. HUGHES, | § | C.A. No. 01-451-T |
| | § | |
| Petitioner/Defendant, | § | CR No. 96-063-T |
| | § | |
| v. | § | **PETITIONER'S REPLY TO** |
| | § | **GOVERNMENT'S OBJECTION** |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent/Plaintiff. | § | |
| | § | |
| | § | |

Edward R. Hughes (Hughes), Petitioner/Defendant in above and prisoner in federal prisoner, respectfully files his reply to GOVERNMENT'S OBJECTIONS dated May 31, 2005. The reply is provided in the attached MEMORANDUM.

Respectfully submitted,

Dated: June 5, 2005

Edward R. Hughes, in **pro se**

**CERTIFICATION OF SERVICE BY MAIL**

Edward Hughes swears under penalty of perjury that on June 7, 2005 he deposited true and correct copies of REPLY and MEMORANDUM in the box designated at this prison for sending legal mail. Said copies were placed in sealed envelope with sufficient U.S. first class postage affixed, and addressed to: U.S. DOJ; U.S. Attorney District of Rhode Island; Fleet Center; 50 Kennedy Plaza, Eight Floor; Providence, RI 02903.

Hughes invokes the mail box rule for establishing date of filing.

Dated: June 7, 2005

Edward Hughes
FCI Victorville

original

Edward R. Hughes 04570-070 D-3/4
FCI Victorville
P.O. Box 5300
Adelanto, CA 92301
in pro se

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| EDWARD R. HUGHES, | § | C.A. No. 01-451-T |
| Petitioner/Defendant, | § | CR No. 96-063-T |
| v. | § | |
| UNITED STATES OF AMERICA, | § | **PETITIONER'S REPLY TO GOVERNMENT'S OBJECTIONS** |
| Respondent/Plaintiff. | § | |

## MEMORANDUM

I. RULE 60(b) OF FEDERAL RULES OF CIVIL PROCEDURE

Munoz v. United States, 331 F.3d 151 (1st Cir. 2003) defines a bright line between 60(b) motions that are successive § 2255 motions and those that are not. It is a two page opinion. Somehow the Government's Objections (hereafter G.O.) overlooked the page that shows Hughes's attack on an earlier habeas judgement is not a successive § 2255 motion (see G.O. page 3 n.1; contrast with "If, however, factual predicate set forth in support of the motion attacks only the manner in which the earlier habeas judgement has been procured, the motion may be adjudicated under the jurisprudence of Rule 60(b)." id. at 152 internal quotes omitted).

Hughes is not attacking the constitutionality of the underlying conviction. Id. defines that attack as a successive §2255 motion. Hughes's attack deals with the sentence not the conviction. Specifically, he attacks the failure to apply Apprendi to the habeas judgement, and the incorrect application of United States v. Watts to same judg ment.

## II. SUPPORTING CASE LAW AND LOGIC

G.O. at 1 states Hughes's MOTION is "without support in either case law or logic." The government fails to recognize that definitions trump logic.

Derman v. United States, 298 F.3d 34, 39 (1st Cir. 2002) defines the defendants to whom Apprendi applies. MOTION cites id., it is on-point, and Hughes falls squarely in the included class.

Blakely v. Washington, 159 L Ed 2d 403 (2004) defines statutory maximum under Apprendi. MOTION cites id., and it is clear that Hughes's sentence exceeds that maximum because it is totally based on a finding neither found by the jury nor admitted by Hughes, i.e., finding of murder and malice.

Id. at 415 defines an "Absurd Result" that not even Apprendi's critics would advocate. The example used to show absurd result is directly on-point because it is a sentence for murder after a jury finding of a lessor charge. MOTION argued "absurd result".

United States v. Booker, 125 S.Ct. 738 (2005) defined the meaning of United States v. Watts, 519 U.S. 148 in the **stare decisis** analysis of the constitutional decision **in** Booker. The definition specifically stated that Watts **didn't** address enhancements as violations of the Sixth Amendment. MOTION cited Booker's **stare decisis** explanation of Watts to attack the earlier habeas judgment's reliance on Watts.

The definitions in the above cases that were cited in MOTION are more than adequate support for MOTION. The Government has been forced to deny what it cannot refute. Certainly, G.O. failed to show why any of the above do not apply to Hughes, and likewise failed to show why Hughes is distinguishable from cases cited in his MOTION.

The lack of logic and case law is in G.O. G.O. fails to show why the earlier habeas judgment was correct in allowing a sentence to stand after Apprendi where such sentence falls squarely in what the Supreme Court defined as an "absurd result".

III. Derman and Retroactivity

G.O. at 4 raises challenges based on retroactivity and time-bar. These challenges might be valid if Hughes were raising a new challenge. He is not, and G.O. fails to cite any case law on retroactivity and time bar on claims that were timely raised at trial and subsequently preserved in further proceedings. G.O. cites Munoz. But, Munoz allows challenges on earlier habeas judgements, and, thereby, distinguishes between previous challenge and new challenge.

Derman also is on-point. It states that Apprendi by itself is not sufficient. Defendant must have also made a sentencing objection at trial. Hughes did.[1] He specifically challenged application of the Guidelines murder cross-reference without a jury finding of first degree murder. Such specific mention of lack of a jury-finding clearly implicates a Sixth Amendment violation. Under the tests specified by Dermen, Hughes is entitled to Apprendi protection.

The published opinions in this case show that Hughes preserved his objection. Hughes was not charged with murder but sentenced under the Guidelines murder cross-reference. Discussion of murder in the opinions shows that both the Court of Appeals and District Court recognized a sentencing challenge. Both addressed sentencing without a jury finding at the beyond-a-reasonable-doubt standard.

G.O. fails to show that Hughes did not preserve his Sixth Amendment violation claim or failed to rise such a timely claim.

---

1 A written objection was made to PSR

United States v. Antonakopoulos, 399 F.3d 68, 76 (1st Cir. 2005) provides the standard for a preserved error. Because Hughes's trial preceeded Apprendi, he could not have cited Apprendi. It should be enough that his objection to the PSR cited a sentence enhancement (the murder cross-reference) applied without any jury finding of murder or malice. The objection matches the example used in Blakely to explain Apprendi protection.

United States v. Ameline, 2005 DJDAR 6396 (June 1, 2005) at n.1 recognizes that a different standard applies "when a defendant preserves his Sixth Amendment claim by challenging the sentencing guidelines on constitutional grounds before a district court". Hughes's specific mention of no jury-finding clearly implicated the Sixth Amendment right.

IV. §2255

The Supreme Court is resolving conflicts between AEDPA and § 2255 in Dodd v. United States, U.S., No. 04-5286, argued 3/25/05. The oral arguments failed to show the same certainty and clarity that the G.O. achieves.

Nevertheless, Hughes claims that to the extent any new law is required to support his claim, it may brought under 28 U.S.C. § 2255 ¶6 sub¶3. G.O. does not address parargraph (6)(3) and, as a result, is completely off point. "Every circuit to consider this issue has held that a court other than the Supreme Court can make the retroactivity decision for purposes of §2255(6)(3)." (Dodd v. United States, 365 F.3d 1273, 1278 (11th Cir. 2004). Because Blakely and Booker were decided less than a year ago, Hughes is not time-barred making his MOTION for reconsideration because of new law relevant to an earlier claim under §2255.

Respectfully submitted,

Dated: June 6, 2005

Edward Hughes